# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA FLORES, by and through her guardian, Josie Clark,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Case No.: 3:15-cv-00836-GPC-DHB<br><br>**ORDER GRANTING MOTION TO RE-TAX DEFENDANT'S BILL OF COSTS**<br><br>**[ECF No. 65]** |

  Before the Court is Plaintiff's motion to re-tax Defendant's bill of costs. For the reasons stated below, the Court GRANTS the motion.

  Plaintiff filed this action in April 2015, asserting California law claims of negligence, intentional infliction of emotional distress ("IIED"), and elder abuse. (ECF No. 1.) Plaintiff asserted that San Ysidro Health Center, a federally-funded facility, failed to properly administer her medication. On October 20, 2016, the Court granted in favor of Defendant summary judgment on Plaintiff's IIED and elder abuse claims. (ECF No. 23.) A bench trial over Plaintiff's negligence claim was held on June 5 and 6, 2017, and the Court entered judgment in favor of Defendant on June 30, 2017. (ECF Nos. 52–53.) On July 14, 2017, Defendant submitted a bill of costs. (ECF No. 54.) On September 20, 2017, the Clerk of Court issued an order assessing costs in favor of

Defendant in the amount of $4,154.55, representing the cost of service of the summons, subpoenas, transcripts, and printing. (ECF No. 64.)

Federal Rule of Civil Procedure 54(d)(1) provides that unless "a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." While "[t]he clerk may tax costs on 14 days' notice[,] . . . [o]n motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). Plaintiff's motion seeking review of the Clerk's costs award is timely: it was filed within seven days of the Clerk's order.

"Indigency is a factor that the district court may properly consider in deciding whether to award costs." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069 (9th Cir. 1999); *see also Assoc. of Mexican-Am. Educators v. California*, 231 F.3d 572, 592 (9th Cir. 2000); *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 486 (9th Cir. 1983); *Nat'l Org. for Women v. Bank of Cal., N.A.*, 680 F.2d 1291, 1294 (9th Cir. 1982). The Ninth Circuit has also suggested that district courts should consider the merits of the non-prevailing party's case as a factor to consider when deciding whether to deny costs. *Assoc. of Mexican-Am. Educators*, 231 F.3d at 593 ("Although Plaintiffs have not prevailed in this action, their claims are not without merit.").

According to the declaration of Josie Clark, Plaintiff's daughter and guardian, Plaintiff is indigent and her only source of income is Social Security benefits. (ECF No. 65-2.) Plaintiff is 83 years old, unable to walk on her own, speak, or understand the speech of others. (*Id.*) According to Plaintiff, "[i]t would be unjust for [her] to have debt obligation of $4,154.55 when she was simply pursuing her legal rights as an innocent victim of the events" underlying her claim. (ECF No. 65-1 at 3–4.)

In response, Defendant argues that $4,154.55 is a "reasonable figure given the complexity of this medical-malpractice case," and that it "had to expend considerably more than this amount by defending the case at trial." (ECF No. 67 at 2.) Defendant explains that the nature of this action "involved highly specialized knowledge which required expert testimony and related expenses." (*Id.* at 4.)

The Court concludes that Plaintiff is entitled to re-taxation of costs. While Plaintiff does not offer specific dollar amounts when asserting her indigency, the Court finds that the combination of her age, severe disability, and lack of substantial income demonstrates that Plaintiff cannot afford to pay Defendants thousands of dollars in costs. Moreover, Plaintiff's suit was not without merit—her negligence claim survived summary judgment. These are appropriate and sufficient grounds to rebut the presumption of taxation of costs. While the Court is sympathetic to Defendant's argument that this case was complex and thus may have been costly to litigate, the reality of Plaintiff's circumstances would make it unjust to order her to pay the amount assessed. Plaintiff's motion (ECF No. 65) is **GRANTED**. The motion hearing scheduled for November 17, 2017, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: November 7, 2017

Hon. Gonzalo P. Curiel
United States District Judge